### FRANK et al. v. BERNARD.

(Circuit Court, S. D. New York. May 1, 1909.)

PATENTS (§ 326*)—SUIT FOR INFRINGEMENT—FINE FOR VIOLATION OF INJUNCTION.

> A motion to set aside an order, entered three years previously, imposing a fine for contempt for violation of an injunction against infringement of a patent, denied.

> [Ed. Note.—For other cases, see Patents, Dec. Dig. § 326.*]

In Equity. On motion to vacate order imposing fine for contempt. For former opinion, see 146 Fed. 137.

O. Ellery Edwards, Jr., for complainants.
Henry D. Williams, for defendant.

LACOMBE, Circuit Judge. I do not understand that any question of the validity and meritoriousness of the patent is presented. On

June 5, 1906, an order was made by myself punishing the defendant with a trifling fine for contempt, viz., disobedience of an injunction against selling infringing articles. That order was made upon six affidavits and certain exhibits, which, with the injunction, constituted the record then before the court. A motion is now made to vacate such order and direct restitution of such fine. That motion is based upon various other documents referred to in the notice. At this late day the court sees no reason for reopening the proceeding which terminated in the order of June 5th and for introducing new testimony touching the act of infringement then complained of. Upon the record presented at that time I was convinced that the particular exhibit marked "E. H. L.," with its undercut wall, was an equivalent of the top-tilted wall of the patent, and such is still my opinion. Both secure the leather ring in place by pinching it between one wall and the projecting top of the other wall. Whether, upon some different record produced in support of an application to punish the defendant for some other alleged contempt, a like conclusion should be reached, is a question not now before me.

The motion to vacate order of June 6th is denied.